IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES JACKSON CARSWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-076 |
| | ) | |
| DONALD BARROW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner, an inmate incarcerated at Washington State Prison in Davisboro, Georgia, brought the above-captioned petition pursuant to 28 U.S.C. § 2254. On August 19, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") in which he recommended that Petitioner's case be dismissed and that his Motion for Additional Supporting Evidence be denied. (Doc. no. 20.) Petitioner was also instructed that any objections to the R&R had to be filed no later than September 6, 2013. (Doc. no 21.) As no objections to the R&R were received by the deadline, the Court adopted the R&R on September 11, 2013 and denied a Certificate of Appealability ("COA"). (Doc. no. 22.)

On September 12, 2013, the Clerk's Office received and filed Petitioner's objections to the R&R. (See doc. no. 24, pp. 6, 7.) Petitioner also filed a "Motion to Reconsider" on September 23, 2013, asking the Court to consider his objections. (Doc. no. 26.) Petitioner's "Motion to Reconsider" is **GRANTED**. Thus, in order to address Petitioner's objections to

the R&R, which appear to have been mailed prior to the deadline for submitting objections,[1] the Court's September 11th Adoption Order is **VACATED**.

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 24.) More specifically, the Court finds that Petitioner's objections are without merit and that only one issue raised in those objections warrants further discussion. As to that issue, Petitioner argues that the Magistrate Judge erred by concluding that Petitioner procedurally defaulted the ineffective assistance of counsel claims he could have asserted, but did not, in his state habeas petition. (Id. at 5-6.) Petitioner contends that exhaustion is an affirmative defense not raised by Respondent and thus waived. (Id.) Petitioner's contention is incorrect. Respondent's failure to raise exhaustion does not constitute a waiver under the Antiterrorism and Effective Death Penalty Act (AEDPA), which mandates that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." McNair v. Campbell, 416 F.3d 1291, 1304 (11th Cir. 2005) (citing 28 U.S.C. § 2254(b)(3)). Here, citing AEDPA, Respondent's answer expressly stated that he was not waiving exhaustion. (Doc. no. 4, p. 3.)

For the above reason, Petitioner has provided no basis for departing from the Magistrate Judge's conclusion that Petitioner's case should be dismissed and his Motion for Supporting Evidence be denied, and his objections are **OVERRULED**. Furthermore, the Court finds that all other objections raised by Petitioner that are not specifically addressed here are without merit.

---

[1] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's objections and notice are deemed filed on the date of execution and delivery to prison officials for mailing.

A prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal in forma pauperis. See 28 U.S.C. § 1915(a)(3).

Accordingly the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's Motion for Additional Supporting Evidence is **DENIED**, (doc. no. 14), his § 2254 petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 26th day of September, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3